UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE ) | | |
| ) | | |
| RIDGERUNNER, LLC, ) | Case No. 11-20369-TLM | |
| ) | | |
| Debtor. ) | Chapter 11 | |
| _____ ) | | |

### MEMORANDUM OF DECISION

**BACKGROUND AND FACTS**

Ridgerunner, LLC ("Debtor") filed a voluntary petition for chapter 11 relief on April 1, 2011, commencing this case. It was and is represented by attorneys Bauer & French ("Counsel").

On April 1, 2011, Counsel filed a Rule 2016(b) disclosure indicating that it had received $8,539.00 prior to the filing of the case, of which $1,039.00 was used to pay Debtor's filing fee, and $7,500.00 of which was an "advance payment retainer." Doc. No. 2. The same date, Debtor filed an application for approval of Counsel's employment under § 327(a), Doc. No. 3 ("Application"), and attorney Randal J. French, for Counsel, executed a verified statement as required under Fed. R. Bankr. P. 2014(a), Doc. No. 4 ("Verified Statement"). Both the Application and the Verified Statement made assertions about the amount

MEMORANDUM OF DECISION - 1

received, and the intent to treat $7,500.00 as an advance payment retainer, as was noted in the Rule 2016(b) disclosure. The fee agreement between Debtor and Counsel was attached to the Verified Statement. *See* Doc. No. 4 at 3.[1]

The Application was served and there have been no objections raised. On May 17, Counsel filed a statement noting the absence of objection. Doc. No. 21. Counsel asserts that, given the lack of objection and "because the applicant herein is entitled to the relief requested," the Application should be approved. The Court disagrees.

## DISCUSSION AND DISPOSITION

This Court has recently evaluated Counsel's suggested approach to retaining and paying for chapter 11 bankruptcy counsel. *See In re Leslie and Terriann Danner*, Case No. 11-00651-TLM, Doc. No. 45 (Mem. Dec. May 26, 2011). For the reasons stated therein, the Court rejected the attempted use of an

---

[1] Local Bankruptcy Rule 2014.1(a)(1) states: "If there is a retainer, the application shall disclose all pre-petition fees and expenses drawn down against the retainer, and any written retainer agreement shall be attached to the application." (That the fee agreement was attached to the Verified Statement rather than the Application was an error, though not a critical one.) Neither the Application nor the Verified Statement, nor any other submission in the case, establishes whether any part of the $7,500 advance payment retainer was accessed to compensate Counsel for pre-petition services rendered. However, the fee agreement was signed by Counsel on March 31, 2011, the day before the April 1 filing, and the statement of financial affairs ("SOFA") at question 9 discloses the date of the $7,500 payment was March 31. *See* Doc. No. 1 at 26. On one hand, this suggests there may have been no draw down on the retainer that needed to be disclosed in accord with L.B.R. 2014.1(a)(1). On the other hand, the April 1 petition was accompanied by the SOFA and all schedules, suggesting some degree of pre-petition work. Issues related to the completeness and accuracy of disclosure, and how the retainer was treated from and after March 31, 2011, will need to await further developments in this case.

MEMORANDUM OF DECISION - 2

"advance payment retainer" as a means of allowing Counsel to be employed and to obtain compensation for post-petition services without compliance with § 330 and § 331.  The Court also rejected the proposition that the advance payment of fees authorized Counsel to immediately deposit such amounts in its general business or operating account as opposed to placing them in a client trust account in accord with applicable requirements of the Idaho Rules of Professional Conduct.

The decision in *Danner* is incorporated herein fully by reference, and will be applied to the pending Application.[2]  The compensation structure and terms of employment upon which the Application is presented do not accord with the policies and procedures of the Code nor the Idaho Rules of Professional Conduct.  Approval would therefore be inappropriate.

**CONCLUSION**

For these reasons, the Application will be denied.  An appropriate Order will be entered.

---

[2] Because Counsel and the UST have repeatedly engaged in briefing and oral argument over the suggested approach, in *Danner* and in *In re Mac and Dianne Mayer*, Case No. 10-02238-TLM, and because the Court has deliberately and carefully considered those arguments in both these prior cases, the Court sees no reason for the Application and Objection here to be set for hearing in order to revisit those arguments.

MEMORANDUM OF DECISION - 3

DATED: May 26, 2011



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 4